

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RONEIQUEA KENNEDY, *individually and as next friend and guardian* ad litem *for MK, a minor*,<br>　　　　　Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, PALMETTO HEALTH TUOMEY, ROSEMARIE PESCASIO, RN, and SUSAN WEST, RN,<br>　　　　　Defendants. | Civil Action No.: 3:18-02940-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING MOVING DEFENDANTS' MOTION TO DISMISS**

## I.     INTRODUCTION

Plaintiff Roneiquea Kennedy (Kennedy), individually and as guardian *ad litem* for MK, a minor, brought this action against Defendants The United States of America (USA), Palmetto Health Tuomey (Palmetto), Rosemarie Pescasio (Pescasio), and Susan West (West) (collectively, Defendants) alleging medical malpractice. This Court has jurisdiction over the claim against the USA under 28 U.S.C. § 2675 and over the claim against the remaining defendants under 28 U.S.C. § 1367.

Pending before the Court is Palmetto, Pescasio, and West (collectively, Moving Defendants) motion to dismiss for lack of subject matter jurisdiction. Although the motion

purports to raise a challenge under Federal Rule of Civil Procedure 12(b)(1), the substance of the motion asks the Court to decline to exercise supplemental jurisdiction. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Moving Defendants' motion will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Kennedy asserts medical malpractice claims against the Sumter Family Health Center, a federally supported health center under 42 U.S.C. § 233, subject to the Federal Tort Claims Act. Plaintiff also asserts state law claims against Palmetto and its employees, Pescasio and West.

The parties filed a joint stipulation of dismissal without prejudice against Moving Defendants to allow Kennedy to complete the pre-litigation requirements under South Carolina law. Kennedy completed such requirements and, with leave of the Court, filed an amended complaint reasserting her claims against Moving Defendants.

One day prior to filing her amended complaint, Kennedy filed a nearly identical action in South Carolina state courts against Moving Defendants. As Kennedy's counsel represented to Defendants' counsels in an email, the purpose of the concurrent state-court action was to protect against a statute of limitations defense if the federal claims were dismissed in the present case and Kennedy had to proceed on the state-law claims in state court. Kennedy's counsel indicated the state-court action would be stayed for the duration of the present suit.

Moving Defendants filed this motion asking the Court to decline to exercise supplemental jurisdiction. Kennedy responded. The Court is now prepared to rule on the motion.

...

### III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject-matter jurisdiction. "Federal courts are courts of limited subject matter jurisdiction, and as such, there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). In determining jurisdiction, a district court "may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 654 (4th Cir. 2018).

Federal courts retain jurisdiction over state law claims "so related to claims in the action" giving rise to original jurisdiction "they form part of the same case or controversy." 28 U.S.C. § 1367(a). "[D]istrict courts may decline to exercise supplemental jurisdiction . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c).

### IV. DISCUSSION AND ANALYSIS

Moving Defendants do not contend the Court lacks jurisdiction to hear the claims, but rather argue the Court should decline to exercise supplemental jurisdiction over the claims against them, citing a pending state court action with a substantive identical complaint.

Preliminarily, Moving Defendants arguments concerning the necessity of their presence in the suit are irrelevant. The case they cite, *Nelligan ex rel. Estate of Proia v. Community Hosp. Of Sullivan Cty.*, 240 F.R.D. 123 (S.D.N.Y. 2007), addresses Federal Rule of Civil Procedure 19—

required joinder of parties—not supplemental jurisdiction, *id.* at 125.  The Court will instead turn to whether it is proper to decline to exercise supplemental jurisdiction.

Moving Defendants fail to argue the issues in this case are novel to South Carolina law, the claims against them predominate over the federal claims, or all federal claims have been extinguished.  Instead they argue the presence of a concurrent state-court action favors the Court declining supplemental jurisdiction.  The Court interprets this as an argument under the fourth prong of the supplemental jurisdiction statute, permitting declination when "there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).

"[T]he pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction."  *vonRosenburg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017).  A court, however, "may abstain from exercising jurisdiction over a duplicative federal action for purposes of wise judicial administration."  *Id.* (internal quotations omitted).  The Fourth Circuit warned, though, this should be done "parsimoniously," and emphasized the district court's "task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, . . . to justify the surrender of [its] jurisdiction."  *Id.* (internal quotations and emphasis omitted).

Moving Defendants have failed to provide exceptional circumstances to justify this Court declining to exercise supplemental jurisdiction.  The claims here arise out of the same medical treatment, meeting the requirements for supplemental jurisdiction.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (stating supplemental jurisdiction requirements are met if the state-law claims arise from a common nucleus of operative facts as the federal claim).  Further, Moving Defendants would not be required to defend this action on two fronts.  Kennedy has agreed to stay the state-court action during the pendency of the federal action.  The dormant state-court

4

action merely protects her legal interests if the Court declines to exercise supplemental jurisdiction should it dismiss the federal claims. *See* 28 U.S.C. § 1367(c)(3) (permitting discretionary declination of jurisdiction where all claims establishing original jurisdiction are dismissed).

Consequently, the Court sees no reason to decline supplemental jurisdiction at this time. Rather, for the sake of judicial economy, it is more prudent for the federal and state-law claims to proceed in the same action. Accordingly, the Court will deny the motion.

V.     **CONCLUSION**

For the reasons stated above, it is the judgment of the Court Moving Defendants' motion to dismiss is **DENIED**.

 **IT IS SO ORDERED.**

Signed this 22nd day of April 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
